## E. HEYMAN v. FRANK DILLARD.

**Agency — Evidence.**

Declarations of an agent made after consummation of a sale cannot be admitted to prove agency.[1]

**Same — Instructions.**

Instructions by the court to the jury that testimony as to declarations made by one outside the scope of his authority, acting in the light of an agent, was incompetent to establish the fact of agency, and this will cure any injury that might have resulted from the improper admission of such evidence.

Appellee purchased of Julius Marx, a mule warranted to be sound in every particular, in default of which the mule could be returned and money refunded. A suit was instituted in the justice court for the recovery of the purchase price, $105, and judgment obtained for said amount against Julius Marx and E. Heyman, principal, and on appeal to the Circuit Court the following facts were brought out:

Appellee desiring to purchase a mule applied to E. Heyman & Co., who offered to sell to appellee a mule for $125. Later he applied to Julius Marx and a trade was consummated. The evidence for plaintiff showed that Marx sold the mule for E. Heyman, the proceeds except $5 having been paid to said Heyman, and that it was the same mule offered by Heyman to appellee. This latter statement was contradicted by evidence for appellant.

For the defendant the court gave the following instructions: "That it is the duty of a person dealing with an agent to ascertain the extent of an agent's authority, and where there is no general agency and no question as to the act of the agent being within his apparent powers, but outside of his private instructions,

---

1

The fact of agency cannot be proved by the mere declaration of the agent. Railroad Co. v. Cocke, 64 Miss. 713, 2 So. 495.

And this, although the declarations were made at the time of the act. Kinnare v. Gregory, 55 Miss. 612.

It is elementary law that agency cannot be proven by the acts or the declarations of the alleged agent. Therrell v. Ellis, 83 Miss. 494, 35 So. 826; Newman v. Taylor, 69 Miss. 670, 13 So. 831; Gilchrist v. Pearson, 70 Miss. 351, 12 So. 333.

the party dealing with him deals at his own risk and he is presumed to know the extent and limit of the agent's authority and if this be exceeded the contract is void as to the principal, but is binding on the agent."

Upon the conflict of evidence offered, the jury found for the plaintiff, and from the judgment rendered, defendant appeals.

APPEALED from Circuit Court, Copiah county, T. J. WHARTON, Judge.

Affirmed, March 1, 1886.

*Attorneys for appellant, Calhoon & Green.*

*Attorneys for appellee, Miller & Cohn.*

Brief of Calhoon & Green:

We submit that this case should be reversed because the verdict is against the great preponderance of the testimony, in fact that it has no testimony which was properly admitted to sustain it.

Marx's declarations tending to show his agency were incompetent, having been made, if made at all, in the absence of Heyman. Besides the court will find by examining the evidence, particularly the testimony of Harper, White, Higdon, Marx, and Heyman, that the jury decided against right and reason, and must have gone off on the mere presentation of a farmer at war with an Israelite. We invite a careful examination of the statements of the witnesses and feel great confidence that the conclusion will be reached that this verdict was grossly unjust, not only on the ground intimated above, but for the further reason that the clear weight of evidence is to the effect that the mule had no real unsoundness but was the victim of transitory ailment. It seems to be a first rate mule now, and its present owner values it at $20 more than Heyman paid for him.

On well-settled principles, the court erred in admitting evidence of Marx's declarations as to the fact and scope of his agency made in the absence of Heyman. The objection was made and overruled in the presence and hearing of the jury, and it is not fair to claim now that the course of the court in granting an instruction on the general subject contrary to this ruling cured the evil. This court knows too much of juries to suppose that this could

disinfect the average juror. The only way to neutralize the poison effectually was to withdraw the ruling and inform the panel that it must not consider the specific testimony. Mere generalizing in an instruction is not enough.

Brief of Miller & Cohn:

* * * Agency like any other matter may be proven by circumstances and while it may be that both Marx and Heyman denied the agency on the stand, the jury was not bound to believe them and had a right to do just as they did, find a verdict based upon the circumstances shown by all the testimony in the case as they believed them.

It was not error for the court to admit Marx's admissions, etc., because they were admissible to contradict him as a witness, and the court very properly instructed the jury that it is incompetent to prove the fact of agency, by evidence of the declarations of the supposed agent made to the witness not in the presence of the principal.

This instruction clearly cured any error if any was committed in admitting that testimony. And the jury with that instruction before them could not have based their verdict upon an improper use of the testimony referred to. The testimony should have and doubtless did have weight with the jury in the way of estimating the value of Marx's own testimony and could have had no other effect.

The fact that the mule remained in Heyman's possession up to and after the sale to Dillard and of his offering to trade him to Birdsong, and of the money going direct to him from the purchaser, and that he told Dillard that Marx was to have $5 for selling the mule, as well as many other circumstances, are sufficient to support the verdict as to the agency.

The unsoundness of the mule is abundantly established by the testimony of Dillard, Welch, Gus. Fletcher, J. H. Garth, and S. M. Fletcher, and that is all that was necessary to prove. The verdict should be sustained.

OPINION.— COOPER, C. J.:

The court erred in admitting in evidence the declarations made by Marx after the sale, that he had sold the mule as agent for the defendant, Heyman. The fact that he was such agent could not be proved by his own declaration thus made. 2 Greenleaf on Evidence, 63, note B.

It would have been better if the court had excluded the testimony even after it had been admitted than to instruct the jury as it did do, that the fact of agency could not be proved by the declaration of the agent. But since this instruction was given, and in view of the fact that Marx himself was introduced as a witness and denied having made such statement, and that much testimony was introduced on both sides upon the question of his agency for Heyman, we think it manifest that no injury resulted to the appellant on the whole facts disclosed. The evidence, though not admitted for that purpose, would have been competent as going to the credibility of the witness Marx, and since the court told the jury that the evidence was incompetent to establish the fact of agency, we think that the judgment should be

*Affirmed.*